UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:25-CR-38-KAC-JEM |
| | ) | |
| DOMINICK LEON TUDOR, SR., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Dominick Tudor's Unopposed Motion to Continue Plea Deadline and Trial [Doc. 17], which was filed on December 12, 2025.

Defendant Tudor asks the Court to continue by sixty days the plea deadline and the trial associated with this matter [*Id*. at 1]. In support of his motion, Defendant asserts his counsel and the Government are working toward a resolution in this case, and a continuance will provide an opportunity to fully resolve the case against Defendant [*Id*. ¶¶ 1–2]. Defendant also states a continuance will serve the ends of justice by allowing additional time to properly prepare the case, which is in the best interests of the public and the Defendant in a speedy trial [*Id*. ¶ 2]. Defendant's motion reflects that counsel for the Government does not object to extending the deadlines [*Id*. ¶ 4]. Counsel for Defendant Tudor confirmed Defendant understands his right to a Speedy Trial and that the time between the filing of the motion and the new trial date will be excluded from his speedy trial calculation [*Id*. ¶ 3].

Based upon the information in Defendant's motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance

outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation to include negotiating a potential resolution, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i)–(iv). The Court finds that this cannot occur before the January 13, 2026, trial date.

The Court therefore **GRANTS** Defendant Dominick Tudor's Unopposed Motion to Continue Plea Deadline and Trial [**Doc. 17**]. The trial date is reset to **March 10, 2026**. A new, comprehensive trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendants and the public in a speedy trial, all of the time between the filing of the motion on December 12, 2025, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant Dominick Tudor's Motion to Continue Trial and All Deadlines [**Doc. 17**] is **GRANTED**;

(2) the trial date is reset to commence on **March 10, 2026, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) all time between the filing of the motion on **December 12, 2025**, and the new trial date of **March 10, 2026**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **February 10, 2026**;

(5) the deadline for filing motions *in limine* is **February 23, 2026**, and responses to motions *in limine* are due on or before **March 3, 2026**;

2

(6) the parties are to appear before the undersigned for a final pretrial conference on **February 24, 2026, at 1:30 p.m.**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **February 27, 2026**.

**IT IS SO ORDERED.**

ENTER:

*/s/ Jill E. McCook*
Jill E. McCook
United States Magistrate Judge