UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) | |
| v. | ) | No. 3:25-CR-38-KAC-JEM |
| DOMINICK LEON TUDOR, SR., | ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Dominick Leon Tudor, Sr.'s Unopposed Motion to Continue Plea Deadline and Trial [Doc. 20], which he filed on February 18, 2026.

Defendant Tudor asks the Court to continue the trial date for sixty days in his case [*Id*. at 1]. In support of his motion, Defendant asserts he entered a plea agreement and is set for a change of plea on April 10, 2026 [*Id.* ¶ 1]. Defendant says granting a continuance will provide the parties an opportunity to make a full resolution of the case against Defendant and will serve the ends of justice in that the need for additional time to properly prepare the case outweighs the best interests of the public and the Defendant in a speedy trial [*Id.* ¶ 2]. Defendant understands the period of time between the filing of his motion and a rescheduled trial date is excludable under the Speedy Trial Act. [*Id.* ¶ 3]. Defendant informs the Court that the Government does not object to the requested continuance [*Id.* ¶ 4].

Based upon the information in Defendant's motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A).

In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Specifically, the parties need additional time for the change of plea hearing, and if it does not go forward, to prepare for trial. The Court finds that this cannot occur before the March 10, 2026 trial date.

The Court therefore **GRANTS** Defendant's Motion to Continue [**Doc. 20**]. The trial date is reset to **May 12, 2026**. A new, comprehensive trial schedule is included below. Because the Court has found that the ends of justice are served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all of the time between the filing of the motion on February 18, 2026, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant's Motion to Continue [**Doc. 20**] is **GRANTED**;

(2) the trial date is reset to commence on **May 12, 2026, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) all time between the filing of the motion on **February 18, 2026**, and the new trial date of **May 12, 2026**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **April 13, 2026**;

(5) the deadline for filing motions *in limine* is **April 27, 2026**, and responses to motions *in limine* are due on or before **May 5, 2026**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **April 28, 2026, at 1:30 p.m.**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **May 1, 2026**.

**IT IS SO ORDERED.**

ENTER:

/s/ Jill E. McCook
Jill E. McCook
United States Magistrate Judge